**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SHELIA WILLIAMS, | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| CITY OF ATLANTA, GEORGIA; | ) | |
| DERRICK GILBERT, in his Individual | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Shelia Williams ("Plaintiff" or "Williams") respectfully submits the following Complaint:

## INTRODUCTION

At all times relevant to this dispute, Defendant Derrick Gilbert was a supervisor within the Finance Department of the City of Atlanta. For several years prior to the filing of this lawsuit, Gilbert used his position and the authority of his position to engage in a pattern and practice of sexually harassing his female co-workers and subordinates and retaliating against them when they rejected his sexual advances. Gilbert subjected Plaintiff to repeated unwanted sexual advances, comments, and touchings.  Plaintiff rejected these advances.  Plaintiff not only rejected the advances,

1

she opposed Gilbert's comments and conduct by reporting him to supervisors, Shehereah Jefferson and Felicia Whitfield, and to Human Resources personnel.  After her complaints, Gilbert continued to discriminate against Plaintiff based on her gender and because of her rejection of his advances.  Plaintiff brings claims of sexual harassment (both hostile work environment and tangible employment action) against both the City and Defendant Gilbert under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  Plaintiff seeks declaratory and injunctive relief, damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1.      Plaintiff's claims under the Fourteenth Amendment and the Family Medical Leave Act ("FMLA"), which are actionable under 42 U.S.C. § 1983 and 29 U.S.C. § 2617(a)(1)(A) and (B) respectively, present federal questions over which the Court has subject matter  jurisdiction under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendants reside in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

3.      Plaintiff is a resident of the Northern District of Georgia and is subject to

this Court's jurisdiction. Plaintiff is a former employee of the City of Atlanta.

4.     Defendant Gilbert is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. He may be served with process via personal service at his place of business at 55 Trinity Avenue, Suite 1350, Atlanta, Georgia 30303.

5.     The City of Atlanta ("The City") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. The City of Atlanta may be served with process by serving Mayor at the Office of the Mayor, Executive Offices, 55 Trinity Avenue, Atlanta, Georgia 30303.

6.     The City is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 et seq.

7.     The City had more than fifty (50) employees within a seventy-five (75) mile radius in each of twenty (20) or more consecutive calendar weeks in the current or preceding year within the meaning of the FMLA, 29 U.S.C. § 2601 et seq.

## **FACTUAL ALLEGATIONS**

8.     Plaintiff started her employment at the City of Atlanta Watershed Department in November 2011.

9.     Plaintiff transferred into the City of Atlanta Finance Department in April 2015.

10.     Around the same time, Derrick Gilbert was transferred to the Finance Department.  Almost immediately after he arrived, Defendant Gilbert began sexually harassing Plaintiff. The sexual harassment was both verbal and physical and included, but was not limited to the comments and actions described in the following paragraphs.

11.     Gilbert started by rubbing Plaintiff's shoulders.

12.     Gilbert would also touch his crotch area, declare how big his penis was, and then describe how he could make Plaintiff feel.

13.     Gilbert's misconduct was open and obvious within the office as he made the sexually charged comments in front of other employees repeatedly

14.     Stunned and disgusted by these revelations, Plaintiff told Gilbert she was not interested.  However, Gilbert continued the harassment on nearly a daily basis for over a year.

15.     In June 2016, the City promoted Gilbert to supervisor.

16.     Gilbert continued to sexually harass Plaintiff after he became a supervisor within the office with oversight responsibility over Plaintiff.  Additionally, as she continued to rebuff his advances, Defendant Gilbert criticized Plaintiff's work more harshly than the work of other employees who were not subject to and forced to rejected his improper sexual advances.

17.     In the Fall of 2016, Defendant Gilbert made another sexual comment to

4

Plaintiff. When she rebuffed him, he told her that the "last girl who did that, I impregnated her." Another supervisor, Shehereah Jefferson, within the office heard Defendant Gilbert's disgusting comment and did nothing.

18.    In November 2016, Plaintiff told Gilbert in a meeting with Jefferson that she did not like the way he spoke to her. A second supervisor then entered the room and Plaintiff continued to discuss the sexual harassment Gilbert forced her to endure.

19.    In January 2017, Plaintiff met with Pam Beckerman, Human Resources Director, and reported Gilbert's sexual harassment and retaliation.

20.    That same month, supervisors within the office began to criticize Plaintiff's performance. Before her reports, she was the "go to" technical specialist in the office, after her reports she was blackballed.

21.    Employees who had not reported sexual harassment were less harshly criticized.

22.    Throughout January and February 2017, Plaintiff met with Beckerman and other Human Resource officials about Gilbert's sexual harassment and retaliation. All of them assured her the problem would be addressed. Nevertheless, Gilbert was never moved or disciplined, and Plaintiff continued to report to him.

23.    From April 2017 through June 2017, Plaintiff took intermittent FMLA leave for both physical rehabilitation for back and leg problems and emotional stress

caused by the harassment she endured in the office.  Supervisors within her office were annoyed by her need to be out of the office pursuant to her approved FMLA leave.

24.    In August of 2017, Plaintiff was placed on a Performance Improvement Plan for the first time in her career at the City.

25.    In September of 2017, another employee complained about Defendant Gilbert's sexual harassing behavior.

26.    In October 2017, Deputy Revenue Chief, Felicia Daniels, who had knowledge of Gilbert's harassment and Plaintiff's repeated complaints, notified Plaintiff of the City's proposed termination of her employment.

27.    Plaintiff met with the Chief Financial Officer for the City, James Beard, to discuss the proposed termination and relayed the facts of Gilbert's harassment and her complaints of such and the adverse actions to which she was subjected based on the harassment and the complaint.

28.    Defendant City terminated Plaintiff on November 15, 2017 after Plaintiff's meeting with Beard.

29.    Defendant Gilbert has not been terminated or otherwise disciplined for his misconduct towards Plaintiff.

30.    Upon information and belief, Plaintiff was neither the first employee to

be sexually abused by Gilbert nor the first to report such abuse to the City.

## Governmental and Decision Maker Liability

31.    The highest City official(s) with responsibility to protect Plaintiff against sexual harassment had actual or constructive knowledge of Gilbert's illegal actions giving rise to this Complaint.

32.    Despite such actual or constructive knowledge, these officials failed to take reasonable, prompt, remedial action as required by the City anti-harassment policies and federal law to protect Plaintiff's right to be free from Gilbert's sexual harassment.  Instead, those officials caused Defendant City to terminate Plaintiff while retaining Gilbert.

33.    Gilbert, along with the City officials who know of Gilbert's illegal harassment and failures to stop it, acted under color of state law when committing their acts or omissions giving rise to this Complaint as all of their conduct was perpetrated using the power and authority of their positions as City officials.

34.    At all times material to this Complaint, it was clearly established law that subjecting an employee to sexual harassment or a sexually hostile working environment based upon gender violates the Equal Protection Clause. At all times material to this Complaint, it was clearly established law that a supervisor may not

take an adverse employment action against a subordinate because she rejects or complains about his sexual advances.

## PUNITIVE DAMAGES ALLEGATIONS

35.    Defendant Gilbert undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to the Plaintiff and her federally protected rights.

36.    Additionally and in the alternative, Defendant Gilbert undertook all of the above-pled conduct with reckless disregard for the Plaintiff and her federally protected rights.

## COUNT I
### Sexual Harassment/Gender Discrimination
### (42 U.S.C. § 1983 Against Defendant City of Atlanta
### and Defendant Gilbert in his Individual Capacity)

37.    Plaintiff incorporates each of the above factual allegations as if fully restated here.

38.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws regardless of her gender.

39.    Defendant Gilbert violated Plaintiff's rights to equal protection by, among other things, subjecting her to a sexually harassing and hostile working

8

environment. Defendant Gilbert violated her rights to equal protection by taking adverse employment actions against the Plaintiff for her refusal to acquiesce to sexual advances, for reporting such harassment, and because of her gender.  Gilbert did not take similar actions against men in the department.

40.     Defendant City violated Plaintiff's rights to equal protection by failing to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

41.     The conduct of Defendants constitutes unlawful sexual harassment, based upon gender, in violation of the Equal Protection Clause.  Additionally and in the alternative, Defendants' unlawful conduct constitutes sexual harassment culminating in an ultimate employment action against the Plaintiff.

42.     Defendants undertook all of the unlawful conduct giving rise to the Plaintiff's claims while acting under color of State and local law.

43.     Defendants' unlawful conduct violated the above-pled clearly established law.

44.     As a direct and proximate result of all of the Defendants' actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

45.     Defendants undertook their unlawful conduct intentionally and

9

maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against them.

46.    Alternatively, Defendants undertook their unlawful conduct recklessly with respect to the Plaintiff and their federally protected rights, entitling Plaintiff to recover punitive damages against them.

## COUNT II
### Assault
### (Against Defendant Gilbert in his Individual/Personal Capacity)

47.    Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

48.    The actions of Defendant Gilbert described above constitute assault as he threatened to and did in fact make unjustified, harmful, and offensive contact with Plaintiff.

49.    As a direct and proximate result of the assault committed by Defendant Gilbert, Plaintiff suffered, and will in the future suffer from these and other damages.

50.    Defendant Gilbert acted with malice when he assaulted Plaintiff.

## COUNT III
### Battery
### (Against Defendant Gilbert in his Individual/Personal Capacity)

51.    Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

52.    The actions of Defendant Gilbert described above constitute battery as he made unjustified, harmful, and offensive contact with Plaintiff.   For example,

Defendant Gilbert rubbed Plaintiff's shoulders and played with her hair.

53.    As a direct and proximate result of the battery committed by Defendant Gilbert, Plaintiff suffered, and will in the future suffer from these and other damages.

54.    Defendant Gilbert acted with malice when he battered Plaintiff.

## COUNT IV
### Negligent Hiring, Retention, and Supervision
### (Against Defendant City of Atlanta)

55.    Plaintiff incorporates all preceding paragraphs of the Complaint.

56.    The City owed a duty of care to Plaintiff to exercise reasonable caution and diligence when hiring Defendant Gilbert so as to avoid hiring a man who could be reasonably foreseen to sexually harass, assault, or otherwise endanger female employees as Defendant Gilbert did in this case.

57.    Defendant City breached this duty of care by, inter alia, failing to perform reasonable pre-employment investigation and inquiry concerning Defendant Gilbert, and by otherwise failing to exercise reasonable caution and diligence when hiring him.

58.    As a direct and proximate result of Defendant City's breach of this duty of care, Plaintiff has suffered damages, including emotional damages and loss of employment and compensation.

59.    After hiring Defendant Gilbert, Defendant City owed a continuing duty of care to Plaintiff to exercise reasonable caution and diligence in retaining,

supervising, and training Defendant Gilbert to avoid reasonably foreseeable conduct amounting to sexual harassment, assault, battery or otherwise endangering female employees as Defendant Gilbert did in this case.

60.     Defendant City breached this duty of care by, inter alia, failing to intercede despite actual and/or constructive knowledge making it reasonably foreseeable that Defendant City would sexually harass, assault, or otherwise endanger female employees like Plaintiff as happened in this case.

61.     As a direct and proximate result of Defendant City's breach of his duty of care, Plaintiff has suffered damages, including emotional damages and loss of employment and compensation.

## COUNT V
### Punitive Damages O.C.G.A. § 51-12-5.1
### (Against Defendant Gilbert
### in his Individual/Personal Capacities)

62.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

63.     Defendants' above-pled actions were willful, malicious, wanton and/or oppressive within the meaning of O.C.G.A. § 51-12-5.1(b).  Additionally and in the alternative, Defendants' actions display within the meaning of that statute, an entire want of care indicative of a conscious indifference to their actions' consequences.

## COUNT VI
### Attorneys' Fees and Expenses of Litigation O.C.G.A. § 13-6-11
### (Against All Defendants)

12

64.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein. Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**COUNT VII**
**(FMLA Interference**
**Against Defendant City of Atlanta)**

65.     Plaintiff incorporates all preceding paragraphs of the Complaint.

66.     At the time that Plaintiff took intermittent FMLA leave in 2017, Plaintiff was eligible for FMLA leave.

67.     Plaintiff took FMLA leave related to her own serious emotional health conditions suffered while Defendant Gilbert sexually harassed Plaintiff and the remaining Defendants' failure to protect her from his misconduct.

68.     The city interfered with Plaintiff's right to take leave under the FMLA by terminating Plaintiff's employment despite the existence of a valid reason for her alleged work absences and her request for medical leave.

69.     The City's actions in interfering with Plaintiff's leave were intentional and willful and committed with reckless disregard for her right to reinstatement

following FMLA leave.

70.     The effect of Defendant's FMLA interference has been to deprive Plaintiff of her position at the Office of Revenue, wages, health insurance, and prospective retirement benefits.

71.     Plaintiff is entitled to both equitable and monetary relief for Defendant's violations of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay, front pay and/or reinstatement, lost benefits, attorneys' fees and costs of litigation, and liquidated damages.

<u>**COUNT VIII**</u>
**FMLA Retaliation**
**(Against Defendant City of Atlanta)**

72.     Plaintiff incorporates all preceding paragraphs of the Complaint.

73.     At the time that Plaintiff took FMLA leave in 2017, Plaintiff was eligible for FMLA leave.

74.     Plaintiff took FMLA leave related to her own serious emotional health conditions suffered while Defendant Gilbert sexually harassed Plaintiff and the remaining Defendants' failure to protect her from his misconduct.

75.     Defendant retaliated against Plaintiff for taking FMLA leave by, among other things, terminating Plaintiff's employment despite the existence of a valid reason for her alleged work absences and her request for medical leave.

14

76.     Defendant's actions in retaliating against Plaintiff for taking FMLA leave were intentional and willful and committed with reckless disregard for her rights under the FMLA.

77.     The effect of Defendant's FMLA retaliation has been to deprive Plaintiff of her position at the Office of Revenue, wages, health insurance, and prospective retirement benefits.

78.     Plaintiff is entitled to both equitable and monetary relief for Defendant's violations of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay, front pay or reinstatement, lost benefits, attorneys' fees and costs of litigation, and liquidated damages.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

a.     declaratory judgment that Defendants violated the Plaintiff's rights under the Equal Protection Clause and the FMLA;

b.     an injunction prohibiting the Defendants from engaging in such unlawful conduct in the future;

c.     full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful denial of promotion and termination, and all fringe and

pension benefits of employment, with prejudgment interest thereon;

d.     reinstatement of Plaintiff to her former position with the City of Atlanta or in the alternative, front pay to compensate Plaintiff for her lost future wages, benefits, and pension;

e.     compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f.     punitive damages, against Defendant Gilbert in their individual capacity, in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant Gilbert for his conduct toward Plaintiff and deter him from similar conduct in the future;

g.     liquidated damages for Defendant City's willful violations of the FMLA;

h.     reasonable attorneys' fees and costs; and

i.     other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

LEGARE, ATTWOOD & WOLFE, LLC

*s/Eleanor Mixon Attwood*

16

Eleanor Mixon Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

400 Colony Square, Suite 1000
1201 Peachtree Street, NE
Atlanta, GA  30361
Telephone: 470.823.4000
Facsimile: 470.201.1212

Counsel for Plaintiff